IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

CHICAGO TERMINAL RAILROAD  )
COMPANY,                   )
                           )
         Plaintiff,        )
                           )
    v.                     )   No. 16 C 10606
                           )
BURGOYNE LLC,              )
                           )
         Defendant.        )

## MEMORANDUM OPINION

SAMUEL DER-YEGHIAYAN, District Judge

This matter is before the court on Defendant Burgoyne LLC's (Burgoyne) motion to dismiss. For the reasons stated below, the motion to dismiss is granted in part, denied in part, and the state law claims are dismissed without prejudice.

## BACKGROUND

Plaintiff Chicago Terminal Railroad, Company (CTM) alleges that in August and September of 2016, Burgoyne installed two fences across CTM's railroad track. Burgoyne's fences allegedly prevent CTM from accessing 4,500 feet of railroad track extending south to an area in Chicago, Illinois known as Goose Island. On

1

November 15, 2016, CTM filed the complaint in this action alleging claims under 49 U.S.C. § 10501 (Section 10501)(Count I), 49 U.S.C. § 10903 (Section 10903)(Count II), 49 U.S.C § 11101 (Section 11101)(Count III), 49 U.S.C § 11121 (Section 11121)(Count IV), a claim alleging a violation of the Illinois Consumer Fraud and Deceptive Business Practices Act, 815 ILCS § 510/1 *et seq.* (Count V), and a claim for Declaratory Judgment (Count VI). Burgoyne now moves to dismiss all claims.

## LEGAL STANDARD

In ruling on a motion to dismiss brought pursuant to Federal Rule of Civil Procedure 12(b)(6) (Rule 12(b)(6)), the court must draw all reasonable inferences that favor the plaintiff, construe the allegations of the complaint in the light most favorable to the plaintiff, and accept as true all well-pleaded facts and allegations in the complaint. *Appert v. Morgan Stanley Dean Witter, Inc.*, 673 F.3d 609, 622 (7th Cir. 2012); *Thompson v. Ill. Dep't of Prof'l Regulation*, 300 F.3d 750, 753 (7th Cir. 2002). A plaintiff is required to include allegations in the complaint that "plausibly suggest that the plaintiff has a right to relief, raising that possibility above a 'speculative level'" and "if they do not, the plaintiff pleads itself out of court." *E.E.O.C. v. Concentra Health Services, Inc.*, 496 F.3d 773, 776 (7th Cir. 2007)(quoting in part *Bell Atlantic Corp. v. Twombly*, 127 S.Ct. 1955, 1965 (2007));

see also *Morgan Stanley Dean Witter, Inc.*, 673 F.3d at 622 (stating that "[t]o survive a motion to dismiss, the complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face," and that "[a] claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged")(quoting *Ashcroft v. Iqbal*, 556 U.S. 662 (2009))(internal quotations omitted).

I. Counts I-IV and Private Cause of Action

    Burgoyne argues that CTM's statutory basis for the claims in Counts I through IV do not regulate the actions of private property owners, nor do they create a private right of action by a rail carrier against a property owner.

A. 49 U.S.C. § 10501

    Burgoyne argues that Section 10501 fails to grant a rail carrier a private right of action against a property owner. Section 10501 states that "[s]ubject to this chapter, the [Surface Transportation] Board has jurisdiction over transportation by rail carrier that is - - only by railroad. . . ." 49 U.S.C. § 10501. Also, Section 10501 states that the Surface Transportation Board has jurisdiction over "(1) transportation

by rail carriers, and the remedies provided in this part with respect to rates, classifications, rules. . . practices, routes, services, and facilities of such carriers; and (2) the construction, acquisition, operation, abandonment, or discontinuance of spur, industrial, team, switching, or side tracks, or facilities, even if the tracks are located, or intended to be located, entirely in one State. . ." *Id.* Section 10501 provides that the jurisdiction is exclusive "with respect to regulation of rail transportation. . . ." *Id.* CTM argues that Section 10501 confers the Surface Transportation Board with broad authority over every single rail carrier, rail track, and private property owner. CTM contends that when a party seeks to abandon a railroad, the party must seek board approval. However, Burgoyne properly notes that Section 10501 does not confer jurisdictional authority over private property owners. Section 10501 does not even mention private property owners. Also, Burgoyne argues that Section 10501 does not create a private right of action. CTM argues that the statutory language contains an implied private right of action with an implied remedy, namely injunctive relief. However, Section 10501 does not explicitly grant rail carriers a private cause of action, none of the cases cited by CTM support its argument that a private right of action is implied, and Section 10501 does not contain rights-creating language to infer legislative intent. CTM has not cited any case in which the court

4

favored a private right of action. CTM is asking the court to go where no court has gone before. Therefore, the motion to dismiss is granted.

B. 49 U.S.C. § 10903

Burgoyne contends that Section 10903 only imposes obligations on a rail carrier and does not create a private right of action. Section 10903 states that "[a] rail carrier providing transportation subject to the jurisdiction of the Board under this part who intends to--(A) abandon any part of its railroad lines; or (B) discontinue the operation of all rail transportation over any part of its railroad lines, must file an application thereto with the Board." 49 U.S.C. § 10903. Also, an "abandonment or discontinuance may be carried out only as authorized under this chapter." 49 U.S.C. § 10903. Section 10903 explicitly applies to a rail carrier providing transportation and omits any language governing the actions of a private property owner. Similar to the aforementioned analysis, the court finds that Section 10903 does not impose any obligations on a private property owner. Also, CTM has not cited any case in which the court has found a private right of action. *See Chessie Logistics Co. LLC v. Krinos Holdings, Inc.*, 2015 WL 1620284 (N.D. Ill. 2015)(stating that Section 10903 does not imply a private right of action); *See also Mich. S. R.R. v. Branch & St. Joseph Cntys. Rail Users Ass'n*, 287 F.3d 568, 574 (6th Cir. 2002)(stating that

5

Section 10903 does not create a private right of action by one party to a private contract against the other party to that same private contract). Therefore, the motion to dismiss Count II is granted.

C. 49 U.S.C. § 11101

Burgoyne argues that Section 11101 does not impose any duty or obligation on a private property owner nor does it confer a private right of action. Section 11101 states that "(a) A rail carrier providing transportation or service subject to the jurisdiction of the Board under this part shall provide the transportation or service on reasonable request." 49 U.S.C. § 11101. Also, "[a] rail carrier shall not be found to have violated this section because it fulfills its reasonable commitments under contracts. . . [c]ommitments which deprive a carrier of its ability to respond to reasonable requests for common carrier service are not reasonable." 49 U.S.C. § 11101. Similar to the court's findings above, Section 11101 applies only to rail carriers and imposes no duty on private property owners. Also, similarly, none of the cases cited by Burgoyne support its argument that Section 11101 confers a private right of action. Therefore, the motion to dismiss Count III is granted.

D. 49 U.S.C § 11121

Burgoyne argues that Section 11121 does not apply to private property owners. Section 11121 states that "(a)(1) A rail carrier providing transportation subject to the jurisdiction of the Board under this part shall furnish safe and adequate car service and establish, observe, and enforce reasonable rules and practices on car service." Section 11121 explicitly applies to a rail carrier, and omits any language discussing the rights of a private property owner. Section 11121 does not apply to Burgoyne, a private property owner. Therefore, the motion to dismiss Count IV is granted.

II. Declaratory Judgment

Burgoyne argues that the claim in Count VI for declaratory judgment fails to state a claim for which relief could be granted because CTM does not present a real case or controversy. A "controversy" must be one that is appropriate for judicial determination. . .[i]t must be a real and substantial controversy admitting of specific relief through a decree of a conclusive character, as distinguished from an opinion advising what the law would be upon a hypothetical state of facts." *Aetna Life Ins. Co. v. Haworth,* 300 U.S. 227, 240-41 (1937). CTM's claim for declaratory judgment alleges that "CTM seeks a binding declaration of the Court as to CTM's railroad operating rights." (Compl. Par. 32). CTM's declaratory judgment claim

7

fails to allege facts presenting a real case or controversy. Therefore, the motion to dismiss Count VI is granted.

III. Remand State Law Claim

Having resolved the federal claims in this case, the court must determine whether to continue to exercise supplemental jurisdiction over the remaining state law claims. Once the federal claims in an action no longer remain, a federal court has discretion to decline to exercise supplemental jurisdiction over any remaining state law claims. *See Wright v. Associated Ins. Cos.*, 29 F.3d 1244, 1251-52 (7th Cir. 1994)(stating that "the general rule is that, when all federal-law claims are dismissed before trial," the pendent claims should be left to the state courts). The Seventh Circuit has indicated that there is no "'presumption' in favor of relinquishing supplemental jurisdiction. . . ." *Williams Electronics Games, Inc. v. Garrity*, 479 F.3d 904, 906-07 (7th Cir. 2007). The Seventh Circuit has stated that, In exercising its discretion, the court should consider a number of factors, including "the nature of the state law claims at issue, their ease of resolution, and the actual, and avoidable, expenditure of judicial resources. . . ." *Timm v. Mead Corp.*, 32 F.3d 273, 277 (7th Cir. 1994). The court has considered all of the pertinent factors and, as a matter of discretion, the court declines to exercise supplemental jurisdiction

over the remaining state law claim. Such claim is therefore dismissed without prejudice.

## CONCLUSION

For the foregoing reasons, Burgoyne's motion to dismiss is granted and the remaining state law claims are dismissed without prejudice.

_____
Samuel Der-Yeghiayan
United States District Court Judge

Dated: March 22, 2017